# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 12-914V
### Filed: September 15, 2014
### (Not to be published)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| VIVIAN GETMAN, | \* | |
| | \* | |
| Petitioner, | \* | Dismissal Decision; Flu vaccine; CIDP; |
| v. | \* | GBS; No Expert Report |
| | \* | |
| SECRETARY OF THE DEPARTMENT | \* | |
| OF HEALTH AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Diana Stadelnikas Sedar, Esq.*, Maglio, Christopher & Toale, PA, Sarasota, Fl, for
petitioner.
*Althea Davis, Esq.,* U.S. Department of Justice, Washington, DC for respondent.

## DISMISSAL DECISION[1]

**Gowen,** Special Master:

On December 26, 2012, petitioner filed a petition for Vaccine Compensation in
the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that the
flu vaccine she received on October 26, 2010, caused her injuries diagnosed as CIDP
versus Guillain-Barre syndrome [GBS]. Petition at 1-2. The information in the record,
however, does not show entitlement to an award under the Program. On August 28,
2014, petitioner moved for a decision on the record and indicated within her motion that
she would not be filing a medical expert opinion in this matter. Petitioner's Motion for
Decision on the Record, filed Aug. 28, 2014.

To receive compensation under the Program, petitioner must prove either 1) that
she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table –

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this
decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002,
Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In
accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other
information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion
for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits
within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100
Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter,
individual section references will be to 42 U.S.C. § 300aa of the Act.

corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master